**FILED**
**Nov 27, 2019**
**07:32 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **ZACKERY STEVEN SMITH,** | ) | **Docket No. 2018-02-0393** |
| **Employee,** | ) | |
| **v.** | ) | |
| **EVERIDGE, INC.,** | ) | **State File No. 19790-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| **THE HARTFORD,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

Zackery Smith requested medical and temporary disability benefits after he cut his hand at work. Everidge denied benefits based on Mr. Smith's willful failure to follow safety rules. For the reasons below, the Court holds Mr. Smith is entitled to ongoing medical benefits but not past medical benefits or temporary disability benefits.

### History of the Case

Mr. Smith built walk-in cooler ceilings for Everidge. He used various tools to perform his job and in particular received training on how to correctly operate a table saw. After the training, Mr. Smith received an equipment-operating permit allowing him to operate the table saw.

On March 16, 2018, Mr. Smith needed to make repeated cuts and intended to use the in-line saw, but another employee was using it. Instead, he used the table saw. Mr. Smith previously watched a safety-training video that instructed against wearing gloves when operating a table saw. Regardless, he operated the table saw with gloves on and severely injured his right hand. He sought emergency treatment, where providers at the hospital referred him to Dr. Wesley Thayer at Vanderbilt Health.

Larry Gothard, plant manager, visited Mr. Smith at the hospital. He testified Mr. Smith acknowledged he would receive a reprimand for his actions but explained he used the table saw to keep busy.

Although he expected a reprimand, Mr. Smith testified he never signed an employee handbook or other written safety rules before the accident. Other than the equipment training, the only safety training Everidge provided was videos played at monthly safety meetings.

Everidge denied Mr. Smith's claim on basis of "willful misconduct, willful [sic] of safety rules, and willful failure to use a safety device." Although Everidge claimed it enforced safety rules, its witnesses testified they do not watch employees for safety violations.

Mr. Smith argued he was entitled to benefits because he was injured at work and Everidge did not prove its affirmative offense. He argued he received training on how to operate the table saw, but Everidge never provided specific safety rules he was required to follow. He stated he was wearing gloves when he operated the table saw, but he had intended to use a different saw before he noticed another employee was already using it. Also, he testified Everidge management never reprimanded him before he cut his hand.

Everidge argued Mr. Smith did not have any reason for violating its rules and therefore the Court should deny his claim.

**Findings of Fact and Conclusions of Law**

Mr. Smith must present sufficient evidence demonstrating that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2019). Once he proves he sustained a work injury, the burden shifts to Everidge to prove no compensation is owed because of Mr. Smith's failure to abide by safety rules. *See* Tenn. Code Ann. § 50-6-110(a)(1)(4),(b).

The uncontroverted evidence demonstrated that Mr. Smith was injured at work, so the burden shifts to Everidge. The controlling case for this defense is *Mitchell v. Fayetteville Public Utilities,* 368 S.W.3d 442 (Tenn. 2012). The Supreme Court in *Mitchell* held that, to successfully defend a workers' compensation claim on the basis of willful failure to follow safety rules, the employer must prove: (1) the employee's actual, as opposed to constructive, notice of the rule; (2) the employee's understanding of the danger involved in violating the rule; (3) the employer's bona fide enforcement of the rule; and, (4) the employee's lack of a valid excuse for violating the rule. *Id.* at 453.

The evidence shows that Everidge trained its employees on how to properly operate machinery and showed safety videos at monthly safety meetings. However,

Everidge must prove Mr. Smith violated a known safety rule. *See Hardin v. W.A. Kendall & Co., Inc.*, 2019 TN Wrk. Comp. App. Bd. LEXIS 23, at *13 (Jun. 10, 2019).

Everidge did not provide its employees written safety rules. Rather, it relied on trainers to verbally emphasize safety and explain its rules. It asserted Mr. Smith violated "rules," but the training focused on the proper use of equipment. Everidge did not inform Mr. Smith before the incident that it had specific rules that must be followed, and it did not prove that he knew its safety rules. The Court finds that Everidge failed to prove it had safety rules in effect at the time of Mr. Smith's injury.

Further, although Mr. Smith understood the danger involved in operating machinery and worked for an extended period without accident, Everidge offered no proof of a bona fide enforcement of its rule. In fact, its own witnesses confirmed that they did not watch employees for safety violations.

Moreover, even if rules were in place, the evidence shows no willful intent on Mr. Smith's part to violate them. Rather, Mr. Smith chose to operate the table saw instead of the in-line saw because he wanted to remain productive.

Considering all the evidence, the Court holds Everidge failed to prove Mr. Smith's willful failure to follow safety rules. Thus, it appears Mr. Smith is likely to succeed at a hearing on the merits in proving he suffered an injury at work, and Everidge is not likely to succeed in proving its affirmative defense.

Turning to medical benefits, Mr. Smith submitted proof regarding past medical expenses that he incurred, but he failed to prove that the treatment was necessary and reasonable to treat his injuries. Therefore, the Court cannot award payment of past medical expenses. However, Mr. Smith testified he treated at Vanderbilt, and the Court names Dr. Thayer as the designated physician because Everidge did not provide a panel of physicians.

Concerning temporary disability benefits, Mr. Smith did not present any off-work slips or work restrictions, nor did he testify about when he was unable to work or the date he returned to work. Without this evidence, the Court cannot award temporary disability benefits. *See Shepherd v. Haren Constr. Co., Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016).

**IT IS, THEREFORE, ORDERED** as follows:

1. Everidge must provide medical benefits with Dr. Wesley Thayer under Tennessee Code Annotated Section 50-6-204.

2. Mr. Smith's requests for temporary disability benefits and payment of past

medical benefits are denied at this time.

3. This case is set for a status hearing on **January 13, 2020, at 11:00 a.m. Eastern time**. The parties must call 855-543-5044 to participate in the hearing.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED November 27, 2019.**


_/s/ Brian K. Addington_
**JUDGE BRIAN K. ADDINGTON**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Notice of Denial
2. Wage Statement
3. Medical Bills-Collective Exhibit
4. Medical Records-Takoma Hospital
5. Medical Records-Laughlin Hospital
6. Medical Records-Vanderbilt Health
7. Workplace photograph
8. Workplace photograph
9. Equipment Operating Permit

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Scheduling Hearing
4. Status Order
5. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent as indicated on November 27, 2019.

| Name | Certified Mail | Email | Sent To: |
|---|---|---|---|
| Attorney Thomas Jessee, Employee's Attorney | | X | jjlaw@jesseeandjessee.com |
| Joseph Ballard, Employer's Attorney | | X | joseph.ballard@thehartford.com crystal.richmond@thehartford.com |

**PENNY SHRUM, COURT CLERK**
**Wc.courtclerk@tn.gov**



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*


Docket #: _____

State File #/YR: _____

**Employee** _____

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

to the Workers' Compensation Appeals

_____ Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

### *\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation
220 French Landing Drive, I-B
Nashville, TN 37243-1002
800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | | | | |
|---|---|---|---|---|---|
| Groceries | $ _____ per month | | Telephone | $ _____ per month | |
| Electricity | $ _____ per month | | School Supplies | $ _____ per month | |
| Water | $ _____ per month | | Clothing | $ _____ per month | |
| Gas | $ _____ per month | | Child Care | $ _____ per month | |
| Transportation | $ _____ per month | | Child Support | $ _____ per month | |
| Car | $ _____ per month | | | | |
| Other | $ _____ per month (describe: _____ ) | | | | |

10. Assets:

| | | | |
|---|---|---|---|
| Automobile | $ _____ | (FMV) | _____ |
| Checking/Savings Acct. | $ _____ | | |
| House | $ _____ | (FMV) | _____ |
| Other | $ _____ | Describe: | _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)

RDA 11082